UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEGENIY V. SIDOROV, in his individual capacity and as Administrator of the Estate of NATALYA N. NATALYA,<br><br>Plaintiff,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY,<br><br>Defendants. | No. 2:17-cv-00002-KJM-DB<br><br>ORDER |

Plaintiff Yegeniy V. Sidorov brings this case against Transamerica Life Insurance Company ("Transamerica") for its alleged misconduct in connection with a life insurance policy it issued on the life of his mother before she was murdered by his step-father. *See* Compl., ECF No. 1. Sidorov proceeds in his individual capacity and as the administrator of the estate of his mother. *Id.* Before the court is Transamerica's motion to dismiss the complaint. Mot. to Dismiss ("MTD"), ECF No. 7. Sidorov has not filed an opposition to the motion, but separately moves to amend the complaint, Mot. to Am. ("MTA"), ECF No. 14, which Transamerica opposes. After holding hearings on the motions, and for the reasons discussed below, the court GRANTS the motion to dismiss and GRANTS the request for leave to amend the complaint.

1

I. BACKGROUND

    A. Factual Allegations

Transamerica Life Insurance Company is the successor-in-interest to Transamerica Occidental Life Insurance Company, both of which are defendants here. Compl. ¶ 4. Sidorov is the only child and son of Natalya N. Sidorova, the decedent whose life Transamerica insured. Compl. ¶ 3.

On January 22, 2010, Natalya's husband, Gerald[1] Schultz, murdered her at a resort hotel in Acapulco de Juarez, Mexico with the help of an accomplice. *Id.* ¶ 13. Soon after, law enforcement captured Schultz and his accomplice, and they have both been held in a Mexican prison for over six years.[2] *Id.* ¶¶ 13–14.

Years before, Schultz purchased six life insurance policies on Natalya's life, including one from Transamerica for $2 million in 2003, each time listing Schultz as the primary beneficiary. *Id.* ¶¶ 5–9; *id.* Ex. A ("Transamerica Policy"). Sidorov alleges Transamerica knew or should have known that his mother was over-insured at the time it issued its policy. *Id.* ¶ 10.

In 2007, Transamerica began processing a claim Schultz submitted for Natalya's death. *Id.* ¶ 11. After Schultz then notified Transamerica that Natalya was not deceased, verbally explaining she had "recovered," Transamerica closed the pending claim and reinstated the policy. *Id.* Ex. B. Sidorov alleges Transamerica failed to engage in any investigation of the fraudulent claim or otherwise report it to the California Department of Insurance. *Id.* ¶ 12.

On May 27, 2014, Sidorov opened a case in Probate Court for the Sacramento County Superior Court of the State of California, and he was named the administrator of his mother's estate. *Id.* ¶ 17. On July 29, 2014, after an evidentiary hearing, the probate court determined that Schultz could not share in the assets of the estate under California's "Slayer Statute."[3] *Id.* ¶ 19. Transamerica removed the case to this court, deposited interpleader funds in

---

[1] The complaint uses two spellings for Schultz's first name. *Compare* Compl. ¶ 3 ("Gerald"), *with id.* ¶ 20 ("Jerald"). This order uses the first.

[2] The complaint does not indicate whether Schultz or his accomplice was convicted of any crime. At the June 30, 2017 hearing, Sidorov's counsel represented that Schultz is deceased, but his accomplice survives.

[3] *See* Cal. Prob. Code §§ 250, 252, 253.

2

the amount of $2,236,327.30 with the clerk, and ceased paying interest on the death benefits it owed under the policy. *Id.* ¶¶ 25–26; *see* No. 2:14-CV-02183-JAM-KJN (filed on September 26, 2014). On December 3, 2014, the court remanded the case and transferred the funds back to the probate court. *Id.* ¶ 28. In 2015, the probate court ordered Transamerica to pay Sidorov the Policy amount, including interest. *Id.* ¶ 30.

B. Procedural Background

On December 30, 2016, Sidorov filed the complaint in this case. Sidorov brings the following claims against Transamerica, each in his individual capacity and in his capacity as the administrator for his mother's estate: (1) Declaratory Relief; (2) Breach of Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Negligence; and (5) Wrongful Death. Compl. ¶¶ 31–62.

On February 28, 2017, Transamerica filed the pending motion to dismiss. MTD. The court adopted the parties' stipulation to set March 31 as the extended deadline for Sidorov's opposition. Min. Order, ECF No. 13. On April 14, after Sidorov had not filed any opposition to the motion to dismiss, the court issued an order to show cause asking why Sidorov's non-opposition should not be deemed a waiver of any opposition to the granting of the motion. First Order to Show Cause ("OSC"), ECF No. 18. Sidorov timely filed a response to the court's order. Req. for Relief, ECF No. 21.

On April 7, 2017, Sidorov filed his motion to amend the complaint. Transamerica timely filed its opposition. Opp'n MTA, ECF No. 20. On May 1, Sidorov filed an untimely reply, providing for the first time a proposed amended complaint.[4] Reply MTA, ECF No. 23; *id.* Ex. A (Proposed First Am. Compl.).

---

[4] The court ordered plaintiff's counsel to show cause why it should not issue monetary sanctions for failure to follow the Local Rules. Second OSC, ECF No. 28. In a timely response, counsel represents that he faced a confluence of medical, personal and work-related issues around the time his filings were due. ECF No. 29. At the June 30, 2017 hearing, plaintiff's counsel also explained he would associate co-counsel within thirty (30) days to assist him in this matter to prevent further issues. Accordingly, the court discharges the OSC and declines to impose monetary sanctions at this time.

The court held a hearing on both motions on May 5, 2017, at which William Palmer appeared for Sidorov and Sandra Weishart appeared for Transamerica. May 5, 2017 Hr'g Mins., ECF No. 24. At hearing, the court granted the parties leave to file supplemental briefing regarding the futility of amendment. *Id.* On May 19, 2017, Sidorov filed a sur-reply, Sur-Reply, ECF No. 26, and Transamerica filed a response, Resp., ECF No. 27. The court also continued oral argument on the motion to amend. June 30, 2017 Hr'g Mins., ECF No. 30. At that second hearing, the court took both matters under submission. *Id.*

II. MOTION TO DISMISS AND LEAVE TO AMEND

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Although a court may not grant a motion for summary judgment simply because there is no opposition, *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993), the Ninth Circuit has repeatedly affirmed district courts that have dismissed a complaint on that basis. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (dismissing case with prejudice due to plaintiff's non-opposition); *U.S. v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979) (dismissing criminal indictment based on government's non-opposition).

Where dismissal is appropriate, "[t]he court should freely give [leave to amend the pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has "stressed Rule 15's policy of favoring amendments," which courts apply "with liberality." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989.) "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate decisions on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.*,

866 F.2d at 1160 (internal citations omitted). Not all the factors merit equal weight, and it is prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

III. DISCUSSION

    A. Transamerica's Motion to Dismiss

Transamerica provides myriad reasons to dismiss the complaint in whole or in part. *See* MTD at 2–6. In brief, Transamerica argues Sidorov is not the real party in interest and lacks standing to sue in his individual capacity and, regardless of capacity, Sidorov's claims are time-barred and fail to state a claim. *Id.*

Sidorov never filed an opposition to Transamerica's motion, and he accordingly waived his right to be heard on the matter. *See* Local Rule 230(c). Moreover, Sidorov's response to the court's first order to show cause does not explain why the court should not construe his silence as waiver of any opposition to the granting of the motion. Rather it focuses on reasons to grant leave to amend. *See* Req. for Relief. The court accordingly treats the motion as unopposed and construes Sidorov's filing as his effective consent to granting the motion to dismiss.[5] *See Ghazali*, 46 F.3d at 53–54 (dismissing case with prejudice based on local procedural rule construing non-opposition as consent to granting of the motion). The court GRANTS the motion to dismiss, and next determines whether to grant leave to amend the complaint.

    B. Sidorov's Motion to Amend

Sidorov's request for leave to amend the complaint generally addresses the Ninth Circuit's four primary factors to determine the propriety of a motion for leave to amend under Federal Rule of Civil Procedure 15(a): bad faith, undue delay, prejudice to the opposing party, and futility of amendment. MTA at 5–9 (citing *DCD Programs*, 833 F.2d at 186). Given the

---

[5] Other federal courts in this circuit expressly construe a party's non-opposition as consent to granting a motion to dismiss. *See, e.g.*, Central District of California Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); Arizona Local Rule 7.2(i) ("[N]on-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily"). This court's first order to show cause has the same effect here.

5

early stage of this case, and the fact that the court is just now issuing an operative scheduling order, the court finds no evidence of bad faith, undue delay or prejudice.  It is the final factor, futility of amendment, that requires closer consideration.  *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("[F]utile amendments should not be permitted.").  Sidorov's motion to amend did not address this factor, and Sidorov did not provide a timely proposed amended complaint for the court to evaluate how an amended complaint might cure the deficiencies of the original.  MTA at 6–9.  As a result, at the first hearing the court permitted supplemental briefing regarding futility amendment.  *See* Hr'g Mins.; Sur-Reply; Resp.

After considering the parties' briefs, as well as Sidorov's proposed amended complaint, the court finds amendment would not be futile for two reasons.

First, Sidorov has proposed a change to the complaint that address Transamerica's challenges regarding standing.  Transamerica argues Sidorov, in his individual capacity, lacks standing to assert breach of contract, bad faith or negligence claims.  MTD at 22.  The proposed complaint clarifies that Sidorov is the sole beneficiary of his mother's estate, and that the probate court distributed the entire residue of the estate, "whether or not now known or hereafter discovered," to him.   Proposed First Am. Compl. ¶ 3.  Transamerica now argues only that Sidorov may not simultaneously proceed in his capacity as an administrator of his mother's estate. Resp. at 10–11.  As Transamerica's response impliedly concedes, the change proposed to the complaint may provide a basis for Sidorov's individual standing.  Resp. at 10–11; *see also* Cal. Prob. Code § 11642.  Permitting amendment is therefore not futile.

Second, Sidorov clarifies how he believes he can amend the complaint to address Transamerica's timeliness challenges.  Transamerica has argued the following claims are time-barred: Sidorov's allegations of Transamerica's wrongful issuance of the policy in 2003, failure to investigate a fraudulent claim in 2007, and wrongful acceptance of premium payments after Natalya's death in 2010 until 2014.  MTD at 25, 27, 29, 33, 35.  Sidorov explains he may rely on the "Delayed Discovery Rule," which provides a claim accrues when a plaintiff discovers or should have discovered all facts essential to his claim.  Sur-Reply at 20–21 (citing *Leaf v. City of*

*San Mateo*, 104 Cal. App. 3d 398, 408 (1980); *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 827 (1983)). The original complaint generally addressed when Sidorov discovered the relevant facts, Compl. ¶ 16, and the proposed amended complaint includes greater detail regarding when he specifically learned about some of the conduct complained of, Proposed First Am. Compl. ¶¶ 11, 30. These amendments may cure at least some of the timeliness defects of Sidorov's claims. In addition to asserting delayed discovery, Sidorov also asserts equitable estoppel on the grounds that Transamerica never had the intention of paying him and instead deliberately delayed the investigation of his claim to preclude him from filing suit. Sur-Reply at 21–22 (citing *Kleinecke v. Montecito Water Distr.*, 147 Cal.App.3d 240, 245–46 (1983)). The proposed amended complaint further details Sidorov's related allegations. Proposed First Am. Compl. ¶ 23. Thus, because Sidorov can more specifically allege when he discovered the facts giving rise to his claim, as well as the basis for his assertion of equitable estoppel, allowing amendment may address many of Transamerica's timeliness challenges.

In sum, because Sidorov's proposed amendments may address the two preliminary issues of standing and timeliness, the court concludes it would not be futile to grant leave to amend. The court notes the limitations of its determination here: the court in no way decides whether Sidorov's proposed amended complaint is sufficient to withstand dismissal, and Transamerica may continue to assert any argument, including subsequent pleadings challenges to Sidorov's standing and the timeliness of his claims. For now, given the early stage of this case, and the Ninth Circuit's "extreme liberality" with which amendment should be granted, the court merely concludes that granting leave to amend is appropriate here. *See DCD Programs*, 833 F.2d 186 (citing *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

The court GRANTS the request for leave to file a first amended complaint, while clarifying that before filing an amended complaint, Sidorov's counsel must satisfy the court's meet and confer requirement; in filing any amended complaint he must certify that he has fulfilled the requirement. *See* Standing Order at 3, ECF No. 4-1; Local Rule 230.

/////

/////

IV.     CONCLUSION

The court GRANTS the motion to dismiss. *See* ECF No. 7.

The court GRANTS the request for leave to amend the complaint. A first amended complaint shall be filed within twenty-one days of the date this order is filed. *See* ECF No. 14.

The court DISCHARGES its second order to show cause against plaintiff's counsel. *See* ECF No. 28.

This order resolves ECF numbers 7, 14 and 28.

IT IS SO ORDERED.

DATED: July 7, 2017.

_____
UNITED STATES DISTRICT JUDGE